UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH WASHINGTON,**

    Petitioner,

v.                                           **Case No. 8:20-cv-516-T-33JSS**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on Kenneth Washington's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and supporting memorandum (Doc. 2). Respondent opposes the petition as time-barred. (Doc. 11). Washington filed a reply. (Doc. 12). Upon consideration, the petition is **DISMISSED AS TIME-BARRED**.

## PROCEDURAL HISTORY

Washington was convicted after a jury trial of attempted second degree murder and home invasion robbery with a firearm. (Doc. 11-2, Ex. 2). He was sentenced to life in prison. (Doc. 11-2, Ex. 3). The state appellate court *per curiam* affirmed his convictions and sentences. (Doc. 11-2, Ex. 6). The state appellate court also denied Washington's petition filed under Florida Rule of Appellate Procedure 9.141(d) alleging ineffective assistance of appellate counsel. (Doc. 11-2, Exs. 9 and 10).

Washington next filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 11-2, Ex. 11). The state court denied the motion, and the state appellate court *per curiam* affirmed the denial of relief. (Doc. 11-2, Exs. 13, 15

and 18). Washington's subsequently-filed state court motions were denied or dismissed. (Doc. 11-2, Exs. 26, 27, 32, 33, 37 and 38).

## UNTIMELINESS OF FEDERAL HABEAS PETITION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Washington's habeas petition is subject to the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). A habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

Washington's petition is untimely under § 2244(d)(1)(A). Washington's convictions and sentences were affirmed on August 6, 2014. (Doc. 11-2, Ex. 6). Accordingly, his judgment became final on November 4, 2014, upon expiration of the 90-day period to petition the Supreme Court for a writ of *certiorari*. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Sixty-one days of untolled time elapsed before Washington filed his state petition alleging ineffective assistance of appellate counsel on January 5, 2015. (Doc. 11-2, Ex. 9, docket p. 43). The state appellate court denied the petition on February 12, 2015. (Doc. 11-2, Ex. 10). Washington had 304 days remaining on his one-year limitations period. Accordingly, his federal habeas petition was due by December 14, 2015, absent any additional tolling.

The December 14, 2015 deadline passed before Washington filed either his federal habeas petition or any other collateral challenges to his conviction in state court.

2

He did not file any other pleading in state court until July 11, 2016, when he filed a Rule 3.850 motion for postconviction relief. (Doc. 11-2, Ex. 11, docket p. 47). Neither the July 11, 2016 Rule 3.850 motion, nor any subsequent motions filed in state court, can revive Washington's one-year limitations period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Washington's federal habeas petition, filed on March 2, 2020, is untimely under § 2244(d)(1)(A).

## **ACTUAL INNOCENCE**

Washington concedes that his petition is untimely. However, Washington claims that the Court can consider his untimely petition because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the impediment is "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare[.]" *Id.* To show his actual innocence, a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011).

Washington has not presented any new reliable evidence that he is factually innocent of the offenses. In his petition, he contends that a fundamental miscarriage of

justice will result if the Court declines to hear his untimely petition. But he does not identify the evidence that he believes will demonstrate his actual innocence. In the memorandum supporting his petition and his reply, Washington challenges the in-court and out-of-court identifications of him made by the victim and another witness. He contends that the victim should not have been permitted to testify because the victim had been found incompetent in an unrelated case, and also claims that both witnesses were initially unable to identify him. Washington therefore asserts in his reply that "no competent evidence (testimony by vic) was offered by the State at trial" and that "the State's case in chief was non-existent, lawfully[.]" (Doc. 12, p. 2).

Washington's arguments concern whether evidence was properly admitted at his trial, and whether such evidence was sufficient to prove his guilt beyond a reasonable doubt. Washington has not pointed to any new, reliable evidence showing that he is factually innocent of attempted second degree murder and home invasion robbery with a firearm. As addressed, Washington must demonstrate his factual innocence, rather than raise a question about the legal sufficiency of the conviction, to obtain review of his untimely petition under the actual innocence exception. *See Bousley*, 523 U.S. at 623. Washington fails to identify new reliable evidence in light of which no reasonable juror would have voted to convict him. Therefore, Washington has not established the applicability of the actual innocence exception to allow review of his untimely petition.

Accordingly, it is **ORDERED** that Washington's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Washington and to **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

It is further **ORDERED** that Washington is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id*. To obtain a COA, Washington must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Washington cannot satisfy the second prong of the *Slack* test. Since Washington is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on May 26, 2020.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Kenneth Washington
Counsel of Record